IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARRY BARNETT, | ) |
| *Plaintiff,* | ) <br> ) <br> ) No. 19 C 1368 |
| v. | ) <br> ) Judge Virginia M. Kendall |
| MADIGAN et al, | ) |
| *Defendants.* | ) |

**MEMORANDUM OPINION AND ORDER**

Nearly a decade ago, Plaintiff Harry Barnett took it upon himself to begin protesting what he considered illegal business practices at Budd Engineering. He did so in the form of an "exposé" website and picketing outside of Budd Engineering's registered place of business—which just so happened to be the residence of Rita and Burton Siegal, the corporation's co-founders and corporate officers. After several years of protest, the Siegals successfully obtained a civil stalking no contact order against Barnett. With the instant Amended Complaint, Barnett seeks to challenge the now expired protection order. Defendants have moved to dismissed on a litany of grounds, but here the Court need only address the threshold jurisdictional concerns. Barnett's federal action is a thinly veiled attempt to relitigate state court proceedings. This is plainly barred by the *Rooker-Feldman* doctrine and the Court is without

jurisdiction to hear his claims. Therefore, Defendants' Motions are granted, and Barnett's Amended Complaint is dismissed without prejudice.

## BACKGROUND

The Court accepts the Amended Complaint's well-pleaded facts as true and draws all reasonable inferences in Barnett's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009).

Beginning in October 2010, Harry Barnett began protesting outside the home of Rita and Burton Siegal, which also acted as the corporate headquarters of Budd Engineering. (Dkt. 9, ¶¶ 4-5). Barnett's protest lasted until approximately September 2016, but in total occurred on just 75 days of that seven year span. (*Id.* at ¶ 9). The protest was focused on what Barnett considered to be Budd Engineering's "illegal" business practices and false claims made on Burton Siegal's website. (*Id.* at ¶ 13).

During his protests, Barnett claims to have been "accosted, verbally taunted, physically attacked, injured, and challenged to multiple fights by Burton [Siegal]." (*Id.* at ¶ 32). On one occasion, Barnett called the Skokie Police, who subsequently charged Burton with disorderly conduct. (*Id.* at ¶ 37). In June 2013, Barnett obtained an emergency protection order against the Burtons, which was later terminated after a hearing. (*Id.* at ¶ 51). Then, in September 2016, the Burtons obtained a two-year stalking no contact order against Barnett. (*Id.* at ¶ 72). Barnett appealed, challenging the entry of the protective order along with the constitutionality of the

underlying statute. (Dkt. 16-1). The Illinois Appellate Court affirmed the Circuit Court's decision on August 3, 2018. (*Id.*). The Supreme Court of Illinois later denied Barnett's Petition for Leave to Appeal. *Siegal v. Barnett,* 111 N.E. 3d 947 (Ill. 2018).

Barnett proceeded to file this federal action on February 25, 2019. (Dkt. 1). His 38 page, 13 Count Amended Complaint brings claims against nine Defendants including, former Attorney General of Illinois Lisa Madigan, former Governor Bruce Rauner, Attorney General Kwame Raoul, Governor J.B. Pritzker, Cook County Chief Judge Timothy Evans, Rita Siegal, Burton Siegal, Larry Siegal, and Cristofer Lord, the Siegal's attorney in the state court proceedings. Barnett's Complaint makes factual and legal challenges to the state court protection order proceedings and also attempts to challenge the constitutionality of the civil stalking statute.

## **LEGAL STANDARD**

In reviewing a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff must carry his burden of establishing that jurisdiction is proper. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell,* 770 F.3d 586, 588-89 (7th Cir. 2014). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, … which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). To determine whether jurisdiction exists, the court turns to the complaint along with evidence outside of the pleadings. *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 444 (7th Cir. 2009). A court lacking subject-matter jurisdiction

must dismiss the action without proceeding to the merits. *Intec USA, LLC v. Engle,* 467 F.3d 1038, 1041 (7th Cir. 2006).

## **DISCUSSION**

Before addressing the merits, the Court must, as always, address the threshold question of whether jurisdiction is proper in this Court. The *Rooker-Feldman* doctrine cautions that only the Supreme Court of the United States has the authority to review state-court decisions. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). *Rooker-Feldman* denies federal district courts jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). "The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with the state court determinations." *Kelley v. Med-1 Solutions, LLC,* 548 F.3d 600, 603 (7th Cir. 2008). In short, the dispositive question under a *Rooker-Feldman* analysis is "whether the federal plaintiff seeks the alteration of a state court's judgment." *Milchtein v. Chisholm,* 880 F.3d 895, 897-98 (7th Cir. 2018).

Applying *Rooker-Feldman* here does not require a parsing of the Amended Complaint. Rather, Barnett makes his intentions abundantly clear—he is attempting to unsettle state court proceedings. "Barnett seeks of this Court to vacate the stalking orders, compensatory damages, punitive damages, reimbursement of all

legal fees and expenses, and all other relief and damages this Court sees fit." (Dkt. 9, ¶ 117). In avoidance of doubt, Barnett goes on to state this no less than thirteen more times throughout the Amended Complaint. Even in response to Defendant Lord's Motion to Dismiss for lack of subject matter jurisdiction, Barnett claims he "is due that the order is vacated, at a minimum, and if this Court sees fit, a new trial. Barnett is asserting that the order must be vacated in its entirety, due to the prejudice suffered by Barnett inherent in the Court's reliance on the unconstitutional language." (Dkt. 52, pg. 6).

Even the most generous interpretation of Barnett's Complaint leaves no room for dispute that he ultimately challenges and seeks to reverse the state court proceedings, the entry of the protection order, and the constitutionality of the civil stalking statute—each of which was addressed in state court. This obvious attempt to attack a state court judgment is plainly barred by *Rooker-Feldman*. Each of Barnett's claims would require this Court to review issues already decided by the Illinois state courts. The Court does not have any authority to undertake such a review. *Nora v. Residential Funding Co., LLC,* 543 Fed.Appx. 601, 602 (7th Cir. 2013). Barnett's explicit goal is to vacate the state court judgment against him; however, that is precisely what *Rooker-Feldman* prohibits this Court from doing. *See Moore v. Wells Fargo Bank, N.A.,* 908 F.3d 1050, 1062 (7th Cir. 2018) ("To find in favor of [plaintiff], we would be required to contradict directly the state court's decisions by finding that [defendant] was not entitled to the final judgment … This we simply cannot do."); *Mains v. Citibank, N.A.,* 852 F.3d 669, 677 (7th Cir. 2017);

*Carpenter v. PNC Bank, Nat. Ass'n*, 633 F. App'x 346, 347–48 (7th Cir. 2016); *Riddle v. Deutsche Bank Nat. Tr. Co.*, 599 F. App'x 598, 600 (7th Cir. 2015) (holding that plaintiff's attempt to frame the injury as a deprivation of due process did not overcome the ultimate attempt to undo the state court judgment); *Calhoun v. CitiMortgage, Inc.*, 580 F. App'x 484, 486 (7th Cir. 2014) ("To the extent that [plaintiff] wants his loan to be modified or the foreclosure overturned, *Rooker-Feldman* bars his claims because he is attacking the state foreclosure judgment."); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646–47 (7th Cir. 2011). There simply is "no way for the injury complained of by [Barnett] to be separated from [the] state court judgment." *Sykes v. Cook Cty. Circuit Court Prob. Div.,* 837 F.3d 736, 742 (7th Cir. 2016). Allowing Barnett's claims to go forward would be nothing more than a relitigation of settled state court matters. *Milchtein,* 880 F.3d at 897-98. Addressing the merits of the Complaint would require either a detailed review of the Circuit Court's decision to enter the protective order or an assessment of the constitutionality of the civil stalking statute. Both were previously raised in the state court proceedings and Barnett cannot use federal court as his second bite at the apple.

In an attempt to avoid the *Rooker-Feldman* bar*,* Barnett argues that there is a fraud exception to the doctrine. (Dkt. 49, pg. 6). This is patently not the case and therefore does nothing to save his claims. *See Bond v. Perley*, 705 F. App'x 464, 465 (7th Cir. 2017), *reh'g denied* (Jan. 22, 2018) (citing *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015)); *Podemski v. U.S. Bank Nat'l Ass'n*, 714 F. App'x 580, 581–82 (7th

Cir. 2017) ("[W]e explained then that the *Rooker Feldman* doctrine does not have a fraud exception.").

Any remedy available to Barnett lies in the Illinois courts or potentially the Supreme Court of the United States. Barnett's frustration with the state court system and its actors does not change that. Consequently, the Court grants Defendants' Motions to Dismiss all claims in Barnett's Amended Complaint without prejudice. *See Lennon v. City of Carmel, Indiana,* 865 F.3d 503, 509 (7th Cir. 2017) (stating that a dismissal on jurisdictional grounds must be without prejudice).

## **CONCLUSION**

For the reasons detailed within, Defendants' Motions to Dismiss are granted. (Dkts. 15, 32, 45). The Court lacks jurisdiction over the matter under the *Rooker-Feldman* doctrine and Plaintiff's Amended Complaint is dismissed without prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: September 24, 2019